Cochrane *v.* William Penn Hotel et al., Appellant.

Argued October 1, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN and STERN, JJ.

*Robert C. Haberstroh,* with him *Irwin M. Ringold,* for appellant.

*Patrick E. O'Leary,* with him *Robert W. Anthony,* for appellee.

OPINION BY MR. JUSTICE STERN, October 28, 1940:

This is a review of a decision of the Superior Court affirming an award under the Workmen's Compensation Act to the widow of an employee who met with a fatal accident in the course of his employment. The defense presented by the insurance carrier was that decedent's

employment was casual in character and not in the regular course of the employer's business.

In April, 1936, the William Penn Hotel of Altoona hired Cochrane, the decedent, to do some carpenter work necessary for the remodeling of the hotel lobby and the construction of an elevator hatch. The project was temporarily discontinued, but was resumed in November when Cochrane was again employed, this time not only in connection with the elevator shaft but also in the capacity of "handy man" for the performance of minor repair jobs about the hotel. He was paid on an hourly basis, and worked in all twelve days during the period from November 18 to December 29, on which latter date the accident occurred. He mended windows and frames, replaced sash cords, fixed locks on doors, repaired beds, and, in general, did such small jobs as are more or less constantly required in the business of operating a hotel. Mr. Wilson, the proprietor, testified that he planned to keep Cochrane as a "permanent employee" for doing work of that nature, carried his name on the payroll of the employees of the hotel, and instructed the clerks and housekeeper that "if they needed any repairs upstairs to call Mr. Cochrane and have him do it, that he was working at the hotel and it was part of his work when repairs upstairs would arise."

On this state of facts the Superior Court held that decedent was not employed in the regular course of the employer's business, but that his employment was not casual in character. As we agree with the second part of this conclusion it is not necessary to consider the accuracy of the first part, although it may be prudent in that connection to point out that a distinction has consistently been maintained by the courts between reconstruction and repair work to buildings or machinery which may become necessary in sporadic instances or because of emergencies, and, on the other hand, repairs which constitute a more or less customary feature of the conduct of the business: *Callihan v. Montgomery,*

272 Pa. 56, 72, 115 A. 889, 895; *Hauger v. Walker Co.,* 277 Pa. 506, 121 A. 200; *McCall v. Bell Telephone Co.,* 79 Pa. Superior Ct. 505, 510; *Smith v. Philadelphia & Reading Coal & Iron Co.,* 86 Pa. Superior Ct. 136, 141; *Yahnert v. Logan Coal Co.,* 129 Pa. Superior Ct. 528, 534, 535, 195 A. 450, 453. Considering the nature of the hotel business, with its almost continuous need for repair work to doors, windows, beds and other furnishings and equipment, it is at least questionable whether one who is employed to make such repairs is not engaged in the regular course of the business of the employer.

As to what constitutes an employment casual in character, it is obvious that the term "casual" is not capable of scientific definition. Involved in it are the ideas of fortuitous happening and irregularity of occurrence; it denotes what is occasional, incidental, temporary, haphazard, unplanned. Applying it as practically as possible to the subject of employment, it may be said in general that if a person is employed only occasionally, at comparatively long and irregular intervals, for limited and temporary purposes, the hiring in each instance being a matter of special engagement, such employment is casual in character. On the other hand, even though an employment is not continuous, but only for the performance of occasional jobs, it is not to be considered as casual if the need for the work recurs with a fair degree of frequency and regularity, and, it being thus anticipated, there is an understanding that the employee is to perform such work as the necessity for it may from time to time arise. Even if there be but a single or special job involved, this does not conclusively stamp the employment as casual. If the work is not of an emergency or incidental nature but represents a planned project, and the tenure of the service necessary to complete it and for which the employment is to continue is of fairly long duration, the employment is not casual, and it is immaterial that the accident to the employee

for which compensation is sought may occur within a very short period after his entry upon the work.

In the present case there must be taken into consideration the decedent's employment with reference not only to the elevator shaft and the remodeling of the lobby, but also to the minor repair work, that this latter was of a nature apt to require a fair degree of regularity of service, and that he was regarded therefore by his employer as a "permanent employee." It would seem reasonable to conclude, from these circumstances, that his employment was not casual in character.

The order of the Superior Court affirming the judgment of the Court of Common Pleas of Blair County is affirmed.