630 A.2d 547

**INDUSTRIAL ABRASIVES, INC. and Celina Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CACERES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 25, 1993.

Decided Aug. 12, 1993.

---

Patrick T. Cusick, for petitioners.

Peter N. Munsing, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Industrial Abrasives, Inc. (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's grant of benefits to Franklin Caceres (Claimant). We affirm.

Claimant worked as a full-time machinist in Employer's abrasives factory. In addition, Claimant worked a separate, part-time job for Employer boarding certain windows outside Employer's factory. Originally, Claimant agreed to board the windows after Employer's regular business hours. Claimant received $35.00 for each window boarded in a separate check which did not include his full-time machinist's salary.

On September 21, 1990, Employer asked Claimant to perform work on the windows during normal business hours. As Claimant boarded a window on the third floor of Employer's factory, the boom on the "cherry picker" in which he stood collapsed and fell. As a result, Claimant suffered numerous and severe injuries.

Claimant filed a claim petition for workmen's compensation benefits which Employer opposed asserting that, at the time of Claimant's injury, Claimant was a casual employee not acting in the regular course of Claimant's Employer's business. At the hearing before the referee, Claimant testified that the injury had occurred at 3:30 p.m. on a Friday afternoon. Claimant's regular work hours on the day of the injury were 7:00 a.m. to 5:00 p.m. Testimony conflicted as to whether Claimant was "on the clock" at the time he fell from the third floor. However, testimony from Claimant, Claimant's supervisor and the plant manager indicated that Claimant had been permitted, in the past, to board some windows on company time. The referee granted benefits and Employer appealed to the Board which affirmed.

On appeal to this Court,[1] Employer argues that the Board erred in affirming the referee's finding that Claimant was not a casual employee because substantial evidence exists to the contrary. Section 104 of The Pennsylvania Workmen's Compensation Act (Act)[2] states:

> The term "employe", as used in this Act is declared to be synonymous with servant, and includes—all natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer....

77 P.S. § 22.

Pennsylvania courts have construed this statute narrowly concluding that claimants are entitled to compensation unless they are found to be both casual employees *and* acting not in the regular course of the employer's business. *See Gill v. Workmen's Compensation Appeal Board (Norton),* 57 Pa.Commonwealth 161, 425 A.2d 1206 (1981); *Barnett v. Bowser,* 176 Pa.Superior 17, 106 A.2d 457 (1954). Thus, the first

---

1. Our scope of review is limited to a determination of whether constitutional rights have been violated, whether the adjudication was in accordance with law and whether the referee's findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 22.

question we must resolve is whether substantial evidence supports the referee's finding of fact that Claimant was not a casual employee because an employer/employee relationship existed at the time of the accident. If an employer/employee relationship existed at the time of Claimant's accident, under the Act, Employer must pay Claimant compensation. Whether the employer/employee relationship exists is determined by an indicia of control which includes the employer's right to control the work to be done and the manner in which the work is performed; the nature of the work or occupation; skills required for performance; which party supplies tools; whether payment is by time or by job; whether work is part of a regular business of employer; and the right of employer to terminate the employment at any time. *Universal Trucking, Inc. v. Workmen's Compensation Appeal Board (Hassell)*, 112 Pa.Commonwealth 428, 535 A.2d 722 (1988). Whether an employer/employee relationship exists is a question of law which must be determined on the basis of the facts of an individual case. *City of Scranton v. Workmen's Compensation Appeal Board (Cimoch)*, 88 Pa.Commonwealth 64, 488 A.2d 648 (1985).

■ The referee found that an employer/employee relationship existed because Claimant boarded the windows, on the clock, during regular business hours. Moreover, the record reveals that Claimant used equipment rented by Employer and operated by Claimant's supervisor at the time of the accident. Further, Employer presented no testimony to show that Claimant was not being paid his normal rate of pay at the time of the accident. Finally, immediately after the accident, Employer asserted to hospital personnel and police that Employer employed Claimant at Employer's factory. Thus, the referee's finding of fact that an employer/employee relationship existed is properly supported by substantial evidence and Claimant is, therefore, entitled to compensation.

■ Assuming, arguendo, that Claimant's boarding of the windows could some how be considered an activity separate from Claimant's full-time job as a machinist, Claimant can still

not be considered a casual employee. The Act does not provide a definition of what constitutes a "casual employee," and there is no recent caselaw arguably on point. However, the few cases that exist, quote the definition of casual employee set forth in *Cochrane v. William Penn Hotel,* 339 Pa. 549, 16 A.2d 43 (1940), which states:

> As to what constitutes an employment casual in character, it is obvious that the term "casual" is not capable of scientific definition. Involved in it are the ideas of fortuitous happening and irregularity of occurrence; it denotes what is occasional, incidental, temporary, haphazard, unplanned. Applying it as practically as possible to the subject of employment, it may be said that if a person is employed only occasionally, at comparatively long and irregular intervals, for limited and temporary purposes, the hiring in each instance being a matter of special engagement, such employment is casual in character. On the other hand, even though an employment is not continuous, but only for the performance of occasional jobs, it is not to be considered as casual if the need for the work recurs with a fair degree of frequency and regularity, and, it being thus anticipated, there is an understanding that the employee is to perform such work as the necessity for it may time to time arise. Even if there be but a single special job involved, this does not conclusively stamp the employment as casual. If the work is not of an emergency or incidental nature but represents a planned project, and the tenure of the service necessary to complete it and for which the employment is to continue is of fairly long duration, the employment is not casual, and it is immaterial that the accident to the employee for which compensation is sought may occur within a short period after his entry upon the work.

*Id.* at 552–553, 16 A.2d at 44–45.

In the case at bar, *Cochrane* is dispositive. Employer's president testified that the boarding of the factory windows was a project which had been planned in advance. Claimant had worked at boarding these windows over a three month period from June until September. Even though Claimant

had only been working on the windows for three months, testimony exists in the record that the project was to have continued into the future.[3] Therefore, for the purposes of the Act, Claimant cannot be considered a casual employee.[4]

Accordingly, we affirm.

## ORDER

AND NOW, this 12th day of August, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

**3.** In the past, we have held that a claimant who had worked for an employer for *two days* was not a casual employee. *Wingert & Brechbill v. Workmen's Compensation Appeal Board (Group),* 44 Pa.Commonwealth Ct. 55, 402 A.2d 1157 (1979).

**4.** Having concluded that substantial evidence exists in the record that Claimant was not a casual employee, we need not reach the issue of whether Claimant's boarding of windows can be considered an activity in the regular course of Employer's business. *Gill; Barnett.*