Quick v. E. B. Kintner & Son et al., Appellants.

Argued March 6, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Russell L. Mervine,* and with him *John M. Kelly,* for appellant.

*J. Harry Morosini,* for appellee.

Opinion by Baldrige, J., April 23, 1934:

The defendants are engaged in the butcher business. They decided to enlarge their storeroom and to construct, for renting purposes, two apartments on the second floor. They employed the claimant as a carpenter, who worked on the improvements from March 6th until June 1, 1932, when he was injured. The claimant filed his petition for compensation. The defendants denied liability on the ground that claimant's work was casual and not in the regular course of their business. The referee awarded compensation and his action was approved by the board and sustained by the court below.

The facts are very similar to, and the legal questions

involved are the same as in Fedak v. Dzialdowski, 113 Pa. Superior Ct. 104, 172 A. 187, in which case we have handed down an opinion this day. Our disposition of that case controls this proceeding and makes a further elaboration, other than to refer briefly to cases cited by appellee, unnecessary.

The appellee relies upon Sgattone v. Mulholland & Gotwals, Inc. et al., 290 Pa. 341, 138 A. 855; Fedak v. Dzialdowski, as reported in 101 Pa. Superior Ct. 347; Hauger v. Walker Co. et al., 277 Pa. 506, 121 A. 200; and Dunlap v. Paradise Camp et al., 305 Pa. 516, 158 A. 265. In the first case, the claimant was a regular employee of DiSandro & Son, sewer contractors, loaned to the defendants who were engaged in developing land and constructing houses, which was their usual business. The Fedak case, as we have already shown, affords no support for the appellee's contention. In the Hauger case, it appears that the claimant was injured while engaged in the regular course of his employer's business. In the last case cited, the claimant was a regular employee of the defendant. These authorities, therefore, are dissimilar in important features to the case at bar and not decisive of the question before us.

Judgment is reversed and now entered for defendants.