Ronan *v.* Eddy, Admr., (et al., Appellant).
Anderson *v.* Eddy, Admr. (et al., Appellant).

Argued April 10, 1939.

Before Keller, P. J., Cunning-
ham, Baldrige, Stadtfeld, Parker, Rhodes, and Hirt,
JJ.

*John M. Reed,* for appellant.

*Harold S. Hampson,* for appellees.

Opinion by Baldrige, J., July 13, 1939:

These two workmen's compensation cases growing
out of the same accident and involving the same ques-
tions were argued together and will be disposed of in
one opinion.

The claimants, Harry M. Ronan and Carl A. Ander-
son, sustained injuries in falling off a scaffold upon
which they were standing while painting a rented dwell-
ing house owned by LeRoy C. Eddy and Everett H.
Eddy, his brother, who inherited this property from
their mother, Cornelia E. Eddy, who died intestate.

LeRoy C. Eddy is an attorney-at-law and his brother
is in the insurance business. They own, jointly, seven
properties, consisting of four double houses, a triple
house, a garage with apartment overhead, and a dwell-
ing house which they occupy. The foregoing premises
had been owned either individually by Cornelia E. Eddy
or jointly with LeRoy C. Eddy and at her death they
became vested, by virtue of the intestate laws, in her
two sons. By agreement, there was no division of the
properties. They remained in, and were managed and

supervised as belonging to, the estate of Cornelia E. Eddy. Compensation insurance in the name of "Cornelia E. Eddy Estate, L. C. Eddy, Administrator," was issued by the insurance carrier, which has intervened as a party defendant in these cases.

LeRoy C. Eddy testified that the Cornelia E. Eddy Estate is in the business of renting the properties and getting revenues therefrom. We will assume, therefore, for the purpose of these cases, that that is the business of the defendant. LeRoy C. Eddy hired the claimants to paint by the day, so that their employment could have been terminated at any time. He exercised supervision over the work, designated what was to be done, but did not control the manner of doing it. He supplied the materials but most of the brushes and tools were furnished by the claimants. Anderson was in Eddy's employ during the summers of 1935 and 1936, but had not worked for him in 1937 prior to the date of the accident. Ronan was employed by Eddy in May, 1937, and had continued to work for him "almost consecutively" from that time until the accident.

The referee and the board granted compensation for total disability, and their action was sustained by the learned court below. These appeals were taken from the judgments entered on the awards.

The question before us is whether the work in which the employees were engaged when injured was casual in character and not in the regular course of the business of the employer.

The definition of "employe" in section 104 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, amended June 4, 1937, P. L. 1552 (77 PS §22), expressly excludes "persons whose employment is casual in character and not in the regular course of the business of the employer." Casual employment has been defined as occasional, irregular, or incidental, as distinguished from regular and continuous.

The claimants' employment had no direct relation to

the renting of houses; it was but incidental thereto and occasional, with no definite duration. We are constrained to conclude that their employment was casual: *Callihan v. Montgomery*, 272 Pa. 56, 115 A. 889; *Smith v. P. & R. C. & I. Co.*, 86 Pa. Superior Ct. 136; *Fedak v. Dzialdowski*, 113 Pa. Superior Ct. 104, 172 A. 187; *Passarelli v. Monacelli et al.*, 121 Pa. Superior Ct. 32, 183 A. 65; *Williams v. Baptist Church et al.*, 123 Pa. Superior Ct. 136, 186 A. 168. Notwithstanding claimants' employment was casual in character, their rights to compensation are not defeated unless it appears also that it was not in the regular course of the business of the employer.

In *Blake v. Wilson*, 268 Pa. 469, 479, 112 A. 126, the court, in considering the language in section 104, supra, pointed out that the word "regular" does not qualify the word "business," but the course of conduct of the business of the employer. It was there stated: "With the particular object determined, the regular course of the business can only refer to the experience and custom in the conduct of the business as is of usual, if not daily, occurrence and observation." Former Chief Justice MOSCHZISKER, in *Callihan v. Montgomery*, supra, in discussing the meaning of the words "regular course," said (p. 72): "The casual employment of one, for the performance of an odd job, may occur in conducting a business and still not be within its regular course. For instance, emergency repair work on a machine used in the operation of a business can always be said to take place in the course of that business, as all machinery, at some time or other, is bound to need repair; but such work if not of a kind usually performed by or under the control of the person conducting the business, would be outside the regular course thereof. The legislature evidently intended, by the use of the words 'regular course,' to give them some definite significance and the most natural meaning is that they refer to the normal operations which regularly constitute the busi-

ness in question, excluding incidental or occasional operations arising out of the transaction of that business, such as, now and again, repairing the premises, appliances or machinery used therein ...... they (repairs) represent merely an odd job, incidental to that business, but not part of the work ordinarily done by or under the control of the employer in this particular case."

So, here, painting may be necessary periodically, but it is not connected with, nor does it constitute a part of, the regular course of defendant's business. It was held in *Holbrook v. Olympia Hotel Co.* (Mich.), 166 N. W. 876, cited with approval in *Callihan v. Montgomery,* supra, (p. 69), that a painter employed to paint and decorate rooms in a hotel was not an employee engaged in the usual course of the business of the employer; that while the occasional renovating of rooms may be necessary, it could not be considered "in the usual course of the trade, business, profession or occupation of the owner, unless he is himself in the business of painting and decorating. No reason can be found for concluding that the owner of a hotel is pursuing his business, within the meaning of the law, when he causes the rooms to be occasionally painted and decorated, although it is usual to have work of that nature done from time to time." See, also, *Quick v. E. B. Kintner & Son et al.,* 113 Pa. Superior Ct. 108, 172 A. 189.

In *Dunlap v. Paradise Camp,* 101 Pa. Superior Ct. 339, affirmed by the Supreme Court (305 Pa. 516, 158 A. 265), the defendant conducted a summer camp and the claimant was engaged in work that was "part of the normal operations which constituted it." We held the claimant was injured in the regular course of his employer's business. In *Maguire v. Valley Forge Military Academy et al.,* 116 Pa. Superior Ct. 495, 176 A. 865, there was evidence to support the conclusion that the claimant's employment was permanent. These and the other cases cited by the appellees, which we have

examined, are not analogous in their facts to those in hand.

A careful consideration of this record leads us to the conclusion that the evidence adduced shows that the employment was casual and not in the regular course of defendant's business, and therefore does not support an award.

Judgment in each appeal is reversed.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.