Butera, Appellant, *v.* Western Ice and Utilities Company et al.

330

Argued April 15, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*P. Vincent Marino,* with him *Murray J. Jordan,* for appellant.

*James J. Burns, Jr.,* with him *Gustav M. Berg* and *Marriner & Wiley,* for appellee.

OPINION BY HIRT, J., June 25, 1940:

The question raised on this appeal is whether claimant's employment was within an exception of the Workmen's Compensation Act, relieving the employer from liability for injury by accident within the course of the employment. Both the board and the lower court found the employment to be casual and not in the regular course of business of the employer and, accordingly, compensation was denied.

The business of defendant employer was manufacturing, storing and selling ice in Fredricktown. There was undue loss of ice in one of the storage rooms of its plant because of faulty design and construction making it impossible to maintain necessary low temperatures, and claimant was employed by defendant as a carpenter to rebuild this unit and to insulate it with proper materials. This work was not a part of the normal conduct of the employer's business but was an incidental and occasional operation consisting in the remodeling and repairing of the premises used and occupied by defendant in the conduct of its business. The words "regular course of the business of the employer", (§104 Act of June 2, 1915, P. L. 736, 77 PS §22), have reference to the habitual or regular operation engaged in by the employer for gain. *Blake v. Wilson,* 268 Pa. 469, 112 A. 126. It is clear, therefore, that claimant's employment was not within the regular course of the business of defendant and his claim to compensation cannot rest on that ground. *Callihan v. Montgomery,* 272 Pa. 56, 115 A. 889.

It is equally clear from the terms of the original hiring, that the employment at the outset was casual in character, for claimant was engaged to work by the day and for one particular job of limited duration and was injured within one month from the date of hiring. *Quick v. E. B. Kintner & Son et al.,* 113 Pa. Superior Ct. 108, 172 A. 189. Conceding this, it is contended by claimant that the scope of the employment as originally

agreed upon, was later enlarged from casual to regular employment and that while claimant was working in the plant at Fredricktown, he was engaged to do additional similar work in other plants operated by his employer in Fredricktown and neighboring communities, the employment to follow the completion of the work under the original contract of hiring. The controlling question, therefore, is narrowed to this: Is there substantial evidence, sufficient to sustain the conclusion that there was a continuing agreement to serve defendant corporation, with a fair prospect of additional employment for a reasonable period in the future after the completion of the work under the original hiring? If the scope of the employment was so extended, the employment was not casual in character. *Callihan v. Montgomery,* supra; *Blake v. Wilson,* supra; *Cochrane v. William Penn Hotel et al.,* 140 Pa. Superior Ct. 323, 13 A. 2d 875.

This case was twice before the lower court. Both the referee and the board had awarded compensation and in the first appeal the award was set aside by the court and the case was remitted to the board for further proceedings. It is significant that in the copious testimony taken by the referee at three separate hearings before the first appeal there is not a word of testimony that the employment extended beyond the one repair job in the ice plant at Fredricktown. All of the testimony was to the effect that the employment related to that one operation. Claimant so stated, and defendant's foreman who hired him also testified that he had no further use for claimant's services as a carpenter and that he hired him for the one repair job only.

After the case was remitted by the lower court following the first appeal, further hearings were had before the referee and then for the first time claimant referred to other work which he was engaged to do after completing the work in the ice plant. The following is his testimony on the subject: Q. "Did he [referring

to the superintendent who had hired him] while you were working on the ice plant, tell you where he was going to send you next? A. "Well, he had several jobs for me over there. The next job that I was supposed to do was work at the water plant and do some repairs there." He testified further that the superintendent said: "I want this done pretty quick so we can go over there and finish up on the other job" and, "Well, he says whenever you are through there I have got a big job for you in the water plant ...... I have got a little work I would like you to do up in Waynesburg on the vault." Claimant testified that two laborers who worked with him overheard the conversation. One of these when called as a witness, testified that the superintendent said "he had some more work to be done" and the other that the superintendent "told him [claimant] that after this job is finished there is more work to do." This is the extent of the corroboration and both of these witnesses testified that nothing was said as to the nature of the additional work.

Assuming that claimant was promised other and continued employment in the "water plant" after the completion of the work of the original hiring, that fact would not change the casual quality of the employment with defendant ice company. The company which employed claimant was Western Ice and Utilities Company. The "water company" was the East Bethlehem Water Company. These are separate corporations, unrelated, except that both have stock holders in common and were under the same management with a common superintendent. An engagement to work for a second corporation is a new and distinct contract of employment with a new employer and cannot affect the nature of the employment with the first corporation, regardless of the fact that the two corporations use the same employment agent and the same superintendent. As to their relations to an employee under the compensation law each corporation must be regarded as a sepa-

rate entity and the labor performed by a workman for one of them cannot be cumulated with an agreement to perform services for the other and thus change the casual character of the employment at the time of the injury.

Excluding this testimony of the offer of employment with the water company, as we must, there remains at most, some indefinite and unimpressive testimony of a promise of some "little work . . . . . . up in Waynesburg" where the ice company had another plant. The board on its second consideration of the case had before it the enlightening and well considered opinion of HUGHES, J., and applying the law as clearly stated in that opinion, to the testimony as a whole, the board concluded that claimant's employment was casual and was not in the regular course of the business of the employer and refused compensation. On the second appeal to the common pleas, the court affirmed the order of the board refusing an award. That judgment in favor of defendant employer must be affirmed on this appeal in the absence of substantial evidence sufficient, as a matter of law, to sustain a conclusion that the employment was not casual in character.

Judgment affirmed.