Deviney v. J. H. France Fire Brick Company et al., Appellants.

Argued October 1, 1940. Before Schaffer, C. J., Maxey, Drew, Linn and Stern, JJ.

554

*Edw. J. Thompson*, of *Thompson & Baird*, with him *Paul H. Ferguson*, for appellants.

*William W. Litke*, of *Fleming & Litke*, for appellee.

OPINION BY MR. JUSTICE STERN, October 28, 1940:

In this case the Superior Court, reversing the judgment of the Court of Common Pleas of Centre County, held that the claimant was entitled to an award under the Workmen's Compensation Act, rejecting the employer's contention that the employment was not in the regular course of its business.

The employer company purchased an old brick plant, and in order to put it into shape to manufacture fire brick found it necessary to engage upon a large-scale program of reconstruction and repairs, together with the building of new sheds and kilns. For that purpose, in the summer of 1936, it engaged about twenty-five men, including claimant who was a carpenter. He started work on July 22 and was paid by the hour; he and the other men worked eight to ten hours a day, six days a week. On July 28 he suffered a serious accident in the course of his employment. The entire project required about six months' work, and claimant would normally have been employed for that length of time had the accident not occurred.

The Superior Court was of opinion that the reconstruction of the plant preparatory to its use for manufacturing purposes constituted the business of the company during the summer and fall of 1936, and that the employment of claimant was in the regular course of that business. The Court cited, in support of this conclusion, its decision in the case of *Bordo v. Grayek,* 136 Pa. Superior Ct. 124, 7 A. 2d 142, where the work of an employee in plastering a motion picture theatre which was under construction was held to be in the regular course of business of his employers who intended to operate the theatre after its completion or to rent it out for that purpose.* Without passing upon this question, we are of opinion that claimant was in any event entitled to compensation for his injury because his employment was not casual in character.

In the opinion this day handed down in the case of *Cochrane v. William Penn Hotel,* 339 Pa. 549, 16 A. 2d 43, there is a discussion as to the proper interpretation of the word "casual." It is there pointed out that the fact that the employment may be only for a single or special job is not controlling, because, "if the work is not of an emergency or incidental nature but represents a planned project, and the tenure of the service necessary to complete it and for which the employment is to continue is of fairly long duration, the employment is not casual, and it is immaterial that the accident to the employee for which compensation is sought may occur within a very short period after his entry upon the work." Here the enterprise in connection with which claimant was employed was large in scope. It was not of an emer-

---

*In *Dunlap v. Paradise Camp,* 305 Pa. 516, 158 A. 265, it was held that a workman employed to enlarge a drainage ditch on land which was being prepared for use during the summer as a boys' camp was engaged in the regular course of business of his employers who were the owners of the land and conducted the camp each summer. That case, however, is not wholly analogous to the present one.

gency or incidental nature but part of a planned program. Its completion required a considerable length of time. The employment of claimant would, in the ordinary course of events, have lasted for a period of six months or more. The fact that he was injured within a few days after starting work does not affect the question as to the casualness of his employment, since that depends not upon the actual service rendered by him but upon the contract or understanding in accordance with which he was engaged. Therefore, whether or not the reconstruction of the plant is to be regarded as having been in the regular course of the company's business, claimant is not precluded from recovery under the Workmen's Compensation Act since his employment was not casual in character.

The order of the Superior Court reversing the judgment of the court below is affirmed.