Parisi *v*. Freedom Oil Company and Ocean
Accident & Guarantee Corp. et al., Appellants.

Argued April 21, 1942.

Before Keller, P. J., Cunningham, Bald-rige, Rhodes, Hirt and Kenworthey, JJ.

*James J. Burns, Jr.,* for appellants.

*Murray J. Jordan,* with him *Fred J. Jordan* and *Robert E. McCreary,* for appellee.

OPINION BY RHODES, J., July 31, 1942:

Claimant was accidentally injured on June 19, 1939, while in the employ of defendant. The parties entered into a compensation agreement which provided for compensation at the rate of 65 per cent of a weekly wage of $20.96, or $13.62 per week. Compensation was paid thereunder to April 21, 1940. On April 19, 1940, claimant filed a petition for review and modification as provided by the first paragraph of section 413 of the Act of June 26, 1919, P. L. 642 (amending the Workmen's Compensation Act of June 2, 1915, P. L. 736), as amended, 77 PS §771, on the ground that he was legally entitled to compensation on the basis of a weekly wage of $22 instead of $20.96. An answer was filed on May 8, 1940, by defendant and its insurance carrier whereby they joined in claimant's prayer for a review of the agreement, but asked that it be set aside because claimant was a casual employee, and not engaged in the regular course of defendant's business at the time of the accident.

The referee held that claimant's employment was both casual and not in the regular course of business of defendant, and that the compensation agreement had been entered into by reason of a mistake of fact and of law. The referee set aside the agreement. The board affirmed the referee. The court below reversed the board, remanded the record, and ordered that claimant be awarded compensation on the basis of a weekly wage of $22. Defendant and its insurance carrier have appealed.

Defendant is engaged in the business of refining oil. In June, 1939, defendant purchased from the Federal Government a tract of land upon which had been erected several buildings. It was planned to demolish

these buildings and construct a garage to be used for the storage of defendant's trucks. As defendant's permanent maintenance crew was otherwise engaged, a state employment agency was requested to supply additional men. Claimant and four others were hired for the purpose. Claimant was given an application for employment and directed to defendant's physician for medical examination. He and the other four employees worked under the supervision of defendant's foreman, who kept a record of the time of each man in the crew in a separate time book which was marked "Extra men —garage." The men were advised that they would be laid off when the contemplated work was completed. Claimant was injured on June 19, 1939, and the remaining members of the crew continued to work until August 15, 1939, at which time the work was completed and they were discharged.

Claimant's wages had actually been $22 per week instead of $20.96 as specified in the compensation agreement.

On the above facts found by the referee and adopted by the board, claimant's employment was not casual in character, and the court below properly so concluded as a matter of law. *Callihan v. Montgomery*, 272 Pa. 56, 62, 115 A. 889. It is to be noted that claimant was hired by defendant after the filing of an application for employment and after undergoing a physical examination by defendant's physician. It is true that he was assigned to a job which was to be of limited duration; but he worked under the supervision of defendant's foreman, he was subject to control in the manner of the performance of his work, and the task in which he and the other workmen were engaged represented an addition to defendant's plant. The fact that the demolition of buildings and the construction of a garage may not have been within the regular course of business of defendant is not determinative of claim-

ant's status and his right to compensation if he was not a casual employee. Classifying his employment as casual has no support from the practical aspects of such employment or from the manifest purposes of the compensation act. Casual employment in the conduct of an extensive business is exceptional, and employment therein should not be. so considered unless it comes clearly within the intendment of the act. The project which defendant undertook, and in which claimant was engaged as an employee, was not merely an incidental job or an emergency repair, but it was a premeditated, planned, and extensive undertaking related to the conduct of its business. As the facts disclose, land was purchased, and the buildings thereon were to be demolished, in whole or in part, and a garage for defendant's trucks erected. More than two months were required to complete the work. Even if the demolition and construction work, related as it was to defendant's business, was not in its regular course or a part of the normal conduct of such business, it cannot be said that the employment of claimant and the others engaged in such work was casual. It did not come about by chance or fortuitously. *Blake v. Wilson,* 268 Pa. 469, 477, 112 A. 126. The controlling principle has been set forth in *Cochrane v. William Penn Hotel et al.,* 339 Pa. 549, 552, 16 A. 2d 43, and reiterated in *Deviney v. J. H. France Fire Brick Co. et al.,* 339 Pa. 553, at page 555, 16 A. 2d 45, at page 46: "If the work is not of an emergency or incidental nature but represents a planned project, and the tenure of the service necessary to complete it and for which the employment is to continue is of fairly long duration, the employment is not casual, and it is immaterial that the accident to the employee for which compensation is sought may occur within a very short period after his entry upon the work."

Claimant failed to raise at any stage of the proceed-

ings prior to this appeal any question as to the procedure which presented for determination to the compensation authorities the nature of claimant's employment. Although claimant does not seriously press its contention in this respect, but agrees with appellants that the major question for the consideration of this court is that of casual employment, we think he has waived any right he may have had to object to the procedure which was adopted.

We are also of the opinion that the order of the court below is final and appealable. It is, in effect, notwithstanding the remittitur to the board, a judgment in favor of claimant and against appellants. See *Strickland v. Baugh & Sons Co. et al.,* 139 Pa. Superior Ct. 273, 282, 11 A. 2d 547. The remission would serve no purpose, and judgment may be entered by that court which reversed the board on a pure question of law. The facts leave nothing more to be required other than the formal entry of judgment in accordance therewith.

The order of the court below is affirmed, and the record is remitted with direction that judgment be entered in favor of claimant and against defendant and its insurance carrier.