Ciccocioppo *v.* Rocco, Appellant.

Argued November 10, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*G. I. Bloom,* with him *Bloom, Bloom & Yard,* for appellant.

*Murray J. Jordan,* with him *Fred J. Jordan* and *Jordan & Jordan,* for appellee.

OPINION BY HIRT, J., January 20, 1953:

Claimant suffered an injury from accident while working on defendant's premises. The Referee in effect found that claimant's employment was not casual and was in the regular course of defendant's business. Accordingly he made an award of compensation which both the Board and the lower court affirmed. The controlling issues, as to the character of the claimant's employment in its relation to defendant's business, are properly before us by reason of defendant's specific exceptions, on his appeal to the Board to basic findings of the Referee. *Karoly v. Jeddo-Highland Coal Co.,* 166 Pa. Superior Ct. 571, 73 A. 2d 214. The judgment entered on the award must be reversed.

From the testimony, viewed in the light most favorable to the claimant, these facts appear: Defendant for many years had owned the premises at 342 West Pike Street in Canonsburg, and there conducted a restaurant with a retail liquor license, under the name of Naples Inn Gardens. On April 1, 1946, the claimant was hired by the defendant to assist him in painting and in making some minor repairs to the premises; claimant started working on that day. He did some painting on the ceiling of the restaurant and then painted the ceiling in the barroom. He next painted the window trim and the front of the "beer garden", both inside and outside. He removed a door and rehung it so that it would close, and he did what he described as "some little" repair work outside. All of this work was done at the direction of the defendant and under his supervision. Claimant worked until the afternoon of April 9, 1946, when, as he was repairing a hole in the ceiling of the restaurant, he fell

from a ladder and was seriously injured. All materials for the work were furnished by the defendant and claimant was paid at the agreed rate of $1.00 per hour, a total of $72.50 for his services.

The work that claimant performed was not "in the regular course of the employer's business". There is not the slightest evidence in support of the Referee's Seventh finding that the defendant "was the owner and operator of various pieces of real estate . . ." The property on West Pike Street was the only real estate ever owned by him, so far as disclosed by any testimony in this record. He there conducted his restaurant and the evidence is that he was not engaged in any other business. He lived with his family on the premises and, in the operation of the restaurant hired no outside help; he and the members of his family performed all services necessary in the conduct of the restaurant. The regular course of the business of defendant was the serving of food and drink to his patrons, for profit. Unlike the situation presented by *Miller v. Farmers Nat. Bank et al.*, 152 Pa. Superior Ct. 405, 33 A. 2d 646, defendant was not engaged in any phase of the real estate business. The words "regular course of business of the employer" in §104 of the statute, (Act of June 21, 1939, P. L. 520, 77 PS §22,) have reference to the normal operation which regularly constitutes the business in question excluding incidental or occasional remodeling or repair of the employer's building. *Callihan v. Montgomery*, 272 Pa. 56, 115 A. 889; *Cochrane v. Wm. Penn Hotel et al.*, 140 Pa. Superior Ct. 323, 13 A. 2d 875. Cf. *Butera v. Western Ice Co. et al.*, 140 Pa. Superior Ct. 329, 14 A. 2d 219.

Claimant classified himself as a "common laborer". It was only during the nine days in April 1946 that he did any repair and maintenance work. The only other occasion when he was employed by defendant was

March 4, 1946 when he worked one day, at the request of the defendant, wheeling concrete to a cement contractor who was laying a floor on the premises. A comparatively long interval elapsed between the two occasions when claimant worked for the defendant; he was employed for limited and temporary purposes and the hiring in each instance was a matter of special engagement. The work was not done as a part of a planned project nor pursuant to a definite maintenance program. The testimony does not raise an inference of any understanding that claimant was to perform all similar work that the defendant might require from time to time. There is no support in the testimony for the Referee's Tenth finding that "said work recurred from time to time in a fair degree of regularity". All of the work contemplated by the employment was of an incidental nature. Claimant worked for defendant on only two occasions. The hiring was a matter of special engagement in each instance and for limited and temporary purposes. In the most favorable light, therefore, claimant's employment was casual in character under the principle of *Cochrane v. Wm. Penn Hotel et al.,* 339 Pa. 549, 16 A. 2d 43.

Whether it may be inferred from basic facts that claimant's employment was casual and not in the regular course of defendant's business, present issues of law and as such are subject to our review on appeal. Cf. *Callihan v. Montgomery,* supra, p. 62; *Miller v. Farmers Nat. Bank et al.,* supra. The award in this case was based upon findings which had no support in the testimony. Claimant therefore failed to meet the burden upon him of proving a compensable accident. From a consideration of the whole record we are bound to say as a matter of law that claimant's employment was casual and not in the regular course of the defendant's business. Both elements, within the exclusion

of §104 of the Workmen's Compensation Act, supra, appear.

Judgment reversed and here entered for the defendant.