## Leidig v. Modern Home Appliance Company et al.

*Rudolph M. Wertime*, for claimant.

*Edwin D. Strite* and *John C. Dowling*, for defendant.

WINGERD, P. J., August 27, 1954.—This is an appeal from the award of the Workmen's Compensation Board affirming the award of the referee, based upon exceptions to certain findings of fact and conclusions of law of the referee, affirmed by the compensation board. The contention is that there is no sufficient evidence in the record to support the finding that claimant was an employe of defendant within the meaning of section 104 of The Workmen's Compensation Act of June 21, 1939, P. L. 520, as amended, which excludes persons

"whose employment is casual in character and not in the regular course of the business of the employer".

The exceptions to the findings of fact of the referee and to the affirmation of them by the compensation board are to the following findings of fact:

"First: That on September 9, 1952, John Leidig was employed by Modern Home Appliance Company."

"Seventh: That on September 9, 1952, while in the course of his employment with the defendant the claimant was struck by a falling brick wall, suffering a fracture of the left mandible, a fracture of the left condyloid process, a fracture of the distal end of the left fibula, and a cerebral concussion.

The exceptions to the conclusions of law of the referee, affirmed by the board, are to the conclusions of law which hold that claimant was an employe of defendant within the meaning of The Pennsylvania Workmen's Compensation Act.

However, there is no exceptions to the following findings of fact by the referee, namely:

"Fourth: That prior to September 9, 1952, the defendant company had purchased a property on South Main Street, Chambersburg, and had contracted to have a building on this property torn down in order to prepare the property for a new building which was to accommodate the expanding business of the defendant. . . .

"Fifth: That the old building had been torn down prior to September 9, 1952. . . .

"Sixth: That immediately prior to September 9, 1952, Stanley Butz, one of the partners of the defendant company who was in charge of this project for the defendant company, had hired Martin Landis and instructed him to obtain the services of John Leidig, the claimant, to help him clean up the street in the area where the building had been torn down, build a barricade in the nature of a fence to protect the public, and

to shore up a wall that was left after the building had been torn down. The defendant considered this work as a necessary part of the planned project of building a new building to accommodate the business."

In reference to an appeal to the court of common pleas, The Workmen's Compensation Act of June 2, 1915, P. L. 736, §47 as amended, 77 PS §874, provides that appellant "shall specify the findings of fact, if any, of the board or of the referee sustained by the board, which he alleges to be unsupported by competent evidence." In Nesbit v. Vandervort & Curry et al., 128 Pa. Superior Ct. 58-65, it was held that under this section "only such findings of fact of the referee as have been excepted to, and considered and sustained by the board shall be assignable on appeal to the Common Pleas."

The law is clear that it is not the province of the common pleas on appeal from the compensation board "to weigh conflicting evidence or decide what inferences should be drawn therefrom", Rodman v. Smedley et al., 276 Pa. 296, 120 Atl. 266, "the Board is the final judge of the credibility of the witnesses and the choice of what evidence is to be accepted or rejected lies with it, its findings when supported by competent evidence sufficient to justify them are binding upon the courts on review": Mallory v. Pittsburgh Coal Company, 162 Pa. Superior Ct. 541.

The findings of fact excepted to are conclusions or inferences from facts which necessarily must be based upon other findings of fact and evidence. They are substantially the same as the conclusions of law excepted to. The findings of fact, nos. fourth, fifth and sixth are definitely facts or inferences of fact drawn from the testimony. This court must accept them as correct, as no exceptions have been filed thereto, and decide whether or not they, with the testimony, are sufficient in law to show that the claimant was an em-

ploye of defendant entitled to compensation and not a casual employe as contended by defendant, i.e., support the findings of fact and conclusions of law excepted to. Whether there is sufficient testimony to support these particular findings of fact, fourth, fifth and sixth, is not for this court to consider as no exceptions have been made to them by defendant appellant on that or any other ground.

There is no contention concerning the injuries suffered by claimant by reason of an old brick wall falling upon him while he was engaged in the work, with another man, of shoring up that wall nor is any question raised concerning the amount of expenses incurred and amount of compensation, if he is entitled to recover, nor is there any question that he was employed by defendant. The only contention of defendant is that claimant's employment by defendant was casual and not within the purview of The Workmen's Compensation Act.

Defendant is a partnership engaged in the business of selling at wholesale and retail and installing home appliances such as refrigerators, washing machines, electric stoves, etc. In addition to the findings of fact fourth, fifth and sixth the board noted in its opinion that the employer acknowledged that he had claimant in mind for future work.

Let us consider what is the effect of findings of fact fourth, fifth and sixth. Defendant some years ago bought a property which was between two properties owned by it for the purpose of enlarging its plant and facilities for carrying on its business. Sometime prior to the date of the accident in question, namely, September 9, 1952, it had torn down the building on the property it had purchased with the intention of erecting thereon a new building suitable for its expanding business. As a result of the demolition of that building, the wall of an adjoining building seemed insecure, a

large hole was left where the cellar had been and some debris was scattered about. As the hole was close to the pavement or walk way, defendant, to comply with law and protect the public, decided to have the debris cleared up, a fence put along the pavement and the questionable wall shored up, all this as a part of a planned project of considerable size entered into by it for the expansion, accommodation and efficient operation of its regular business. This whole project of demolition and construction must necessarily have consumed a very considerable length of time. The length of time consumed or believed to be necessary to shore the wall, clean up the debris and build the fence is rather immaterial as it was merely a part or step to the consummation of a planned project, for the direct benefit of defendants' regular business, which would extend over a very considerable length of time. The fact that claimant was injured before he had worked even a full day for defendant as its employe on a particular portion of the project is immaterial: Parisi v. Freedom Oil Company, 150 Pa. Superior Ct. 260-64; Deviney v. J. H. France Fire Brick Company et al., 339 Pa. 553.

The findings of fact excepted to are, as we have stated, actually mixed conclusions of law and fact. The contention of defendant is that there is no evidence to support these conclusions. As we have stated, we must take findings of fact fourth, fifth and sixth as correct and as supported by the evidence then, in addition thereto, we must consider the evidence itself and, taking the findings of fact unexcepted to and the evidence, determine whether the findings of fact and conclusions of law excepted to are supported by the findings of fact unexcepted to and the evidence.

There is evidence that the particular work for which the claimant was engaged would take three weeks. There is also evidence it would take about one week. It actually took one week. However, the entire project in

which claimant's work was involved necessarily consumed a very much greater period of time.

In Cochrane v. William Penn Hotel et al., 339 Pa. 549, 552, 16 A. 2d 43, it is stated:

"Even if there be but a single or special job involved, this does not conclusively stamp the employment as casual. If the work is not of an emergency or incidental nature but represents a planned project, and the tenure of the service necessary to complete it and for which the employment is to continue is of fairly long duration, the employment is not casual, . . ."

In Deviney v. J. H. France Fire Brick Company et al., 339 Pa. 553, the time to complete the project was said to be about six months and in Parisi v. Freedom Oil Company et al., 150 Pa. Superior Ct. 260, the time to complete the project therein involved was said to be more than two months. In both the employment was held not casual. The project in the present case is very like the projects in the Parisi and Deviney cases.

What is the minimum time necessary to complete a planned project to make employment for the work not casual? The expression used in Cochrane v. William Penn Hotel et al., supra, is "of fairly long duration". This is clearly a relative term subject to wide interpretation.

To this court the significant indication of casual employment is that it is work caused by an emergency or incidental in its nature as opposed to work on a project, which was premeditated, planned and of considerable extent, relating to the conduct of the main business of the employer.

In Ciccocioppo v. Rocco, 172 Pa. Superior Ct. 315, 318, in which employment was held casual it is said: ". . . the work was not done as a part of a planned project" and in Parisi v. Freedom Oil Company et al., 150 Pa. Superior Ct. 260, 264, holding the employment not casual, it is said:

"The project which defendant undertook, and in which claimant was engaged as an employee, was not merely an incidental job or an emergency repair, but it was a pre-meditated, planned, and extensive undertaking related to the conduct of its business. As the facts disclose, land was purchased, and the buildings thereon were to be demolished, in whole or in part, and a garage for defendant's trucks erected. More than two months were required to complete the work. Even if the demolition and construction work, related as it was to defendant's business, was not in its regular course or a part of the normal conduct of such business, it cannot be said that the employment of claimant and the others engaged in such work was casual. It did not come about by chance or fortuitously."

In Deviney v. J. H. France Fire Brick Company, 339 Pa. 553, holding employment not casual it is said:

"Here the enterprise in connection with which claimant was employed was large in scope. It was not of an emergency or incidental nature but part of a planned program. Its completion required a considerable length of time. The employment of claimant would, in the ordinary course of events, have lasted for a period of six months or more."

In the instant case the findings of fact of the referee and board, unexcepted to, are definitely that claimant was employed upon a premeditated, planned and extensive undertaking relating to the conduct of the employer's business. The project includes the purchase of land, the demolition of the buildings thereon, the preparation of the land for the construction of a building thereon and the erection of a building, all to accommodate and be used in the expanding business of the employer. Considering time as a necessary element in distinguishing employment which is not casual, from that which is casual, it seems to this court that the important and controlling time is that which may be

or actually is consumed in the whole project for the accomplishment of which the employee is given employment. The size of the project and its relation to the regular and usual business of the employer is the important matter which indicates whether or not the employment is of an emergency or incidental nature. To consider the time consumed in different steps, necessary to complete a rather substantial project, which can only be completed in a considerable length of time, as controlling in determining whether or not employment on any particular step is casual would work such inequities and cause such confusion that such a basis seems untenable. The demolition of a building, an important step, may take only a few days in the case of a small dwelling house which may be removed to make place for a large, substantial business building. The shoring up of dangerous walls, clearing away debris and erecting fences or barriers to protect the public may, as in this case, take only a week to three weeks, yet, it is definitely an essential and necessary part leading to the completion of the large project. The construction of the new building may take considerable time, as the last step in the project, but it is all the same enterprise and each step is necesary to its completion. To hold that a person engaged for the completion of one necessary step, in this case, a step that is always necessary when an old building is demolished to make way for the erection of a new one, namely, the protection of the premises, the shoring up of weak walls and the clearing of debris, is an emergency matter as opposed to the demolition of the building and the construction of a new one is not reasonable or logical. If the time element, i.e., the proposed length of employment is in anyway controlling in the determination as to whether employment is casual or otherwise, aside from the character of the employment itself, then we will have situations where such a theory will lead to untenable con-

clusions. Suppose a large building is being erected by an employer for use in the employer's business which will take at least six months to complete. Bricklayers are engaged whose work will take approximately four months. As the building progresses plumbers are engaged whose work only requires 10 days and electricians who can put in the necessary wiring for lights in one week. Are not all employed in the same character of employment, a planned project and not on work that is incidental or fortuitous? Their respective employments were necessarily foreseen and necessary to properly complete the project. Are their respective employments to be considered casual or not by reason of the time needed to complete their respective jobs? Surely such a distinction is untenable. All should be on the same basis, i.e., their employment held not casual for the project is planned, of large extent, consumes considerable time to complete and is connected with the employer's business. Time has never been a factor when an employe was actually engaged in the regular business of his employer, although his employment may have been for a very short time and incidental in its nature: Sgattone v. Mulholland & Gotwals, Inc., et al., 290 Pa. 341; Dunlap v. Paradise Camp, 305 Pa. 516. It seems to this court that it is the character of the employment which governs and that time of individual employment cannot properly be considered as a controlling element but time is only important in determining the character of the employment, i.e., as indicating whether it is incidental or fortuitous as distinguished from employment on a planned project of considerable extent and duration.

In the instant case we agree with The Workmen's Compensation Board in holding that claimant's employment was not casual as he was engaged in carrying out a planned project of considerable extent and duration, related to the conduct of his employer's business and,

therefore, was entitled to compensation for injuries incurred, while engaged in such work, under The Workmen's Compensation Act.

Now, August 27, 1954, the decision of the Workmen's Compensation Board affirming the findings of fact, conclusions of law and bill of expenses of the referee is affirmed.