Plankinton *v.* Schurr et ux., Appellants.

Argued October 10, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

42

 

*Samuel Lichtenfeld,* for appellants.

*George D. Sheehan,* with him *Perry S. Bechtle, Domenic D. Jerome,* and *Lynch & Jerome,* for appellee.

OPINION BY HIRT, J., January 21, 1958:

The claimant, a carpenter, was injured when he fell from a ladder in the house of the defendants, then in the course of construction. The referee denied compensation, under §104 of the Workmen's Compensation Act as amended June 21, 1939, P. L. 520, 77 PS §22, on the ground that claimant's employment was casual and not in the regular course of the business of the defendant Raymond C. Schurr. The board reversed and on the finding that claimant was an employe of the defendants, awarded compensation. The lower court affirmed, on its conclusion that the claimant's employment was not casual in character. In resolving the question whether claimant is entitled to compensation under the exclusion of the above section of the Act we find it necessary to reverse the judgment entered on the award as a matter of law. *Boyd v. Philmont Country Club et al.,* 129 Pa. Superior Ct. 135, 195 A. 156.

Raymond C. Schurr for about 44 years had been in the continuous employ of Philadelphia Transportation

Company. He was 64 years old and, in contemplation of impending retirement on age he, with his wife, sold their city property and bought an acre of suburban land on which they began the construction of a dwelling house in the spring of 1954. Their intention, since consummated, was to move on to the property and to make it their home. They obtained a set of suitable plans from their lumber dealer and let out the cement and stone work, the plumbing and heating to independent contractors. Defendant Raymond C. Schurr himself did all of the electrical work. Over weekends and during his time off from his regular job he with two friends performed much of the other work of construction. There was no general contractor. Schurr hired the first carpenter, who worked on the job, about May 15, 1954 but discharged him three weeks later because his work was not satisfactory. He then employed the claimant on an hourly basis to do a particular part of the construction work as indicated by the plans. Claimant's status on the work was that of an employe; he was not an independent contractor. *Thomas v. Bache et al.,* 351 Pa. 220, 40 A. 2d 495; *Potash v. Bonaccurso,* 179 Pa. Superior Ct. 582, 117 A. 2d 803.

He had worked, in all, but 69 hours at the time of the accident. Schurr testified that the claimant then had performed all of the work that he had been hired to do. Claimant however contended that there was still two weeks work for him on the job. After claimant left no one was hired in his place. Schurr did all of the remaining carpenter work, and the defendants have been living in the house since October 1954.

In *Blake v. Wilson,* 268 Pa. 469, 478, 112 A. 126, it was held that "regular course of business of the employer" has reference to "some particular occupation or employment habitually engaged in for livelihood or gain." Schurr's regular daily work was that of chief

operator of a power station; it was his responsibility to keep the equipment in order and to supply the electric power necessary to the operation of the Broad Street Subway in Philadelphia. Building a house for his own occupancy as a home on the only piece of land that they owned was in no sense within "the regular course of business" of the defendant Schurr, nor of his wife, the other defendant. *Ciccocioppo v. Rocco,* 172 Pa. Superior Ct. 315, 317, 94 A. 2d 77.

In *Cochrane v. Wm. Penn Hotel et al.,* 339 Pa. 549, 552, 16 A. 2d 43, in defining the test to be applied in determining the character of the employment, the Supreme Court said: "As to what constitutes an employment casual in character, it is obvious that the term 'casual' is not capable of scientific definition. Involved in it are the ideas of fortuitous happening and irregularity of occurrence; it denotes what is occasional, incidental, temporary, haphazard, unplanned. Applying it as practically as possible to the subject of employment, it may be said in general that if a person is employed only occasionally, at comparatively long and irregular intervals, for limited and temporary purposes, the hiring in each instance being a matter of special engagement, such employment is casual in character." In the *Cochrane* case the claimant's work was that of a handyman in a hotel. His employment was not casual in character since his work of performing minor repair jobs about the hotel recurred with "a fair degree of regularity" and his employer regarded him as a "permanent employee" whose duty it was to do that class of work, whenever the need for it arose. In the application of the principle of the *Cochrane* case the employment in the following cases was construed as not casual in character: *Deviney v. J. H. France F. B. Co. et al.,* 339 Pa. 553, 16 A. 2d 45, in which the claimant was employed to work as a carpenter until the com-

pletition of a large scale program of reconstruction of a brick plant, of about six months duration: *Snavely v. Redemptorist Fathers,* 151 Pa. Superior Ct. 625, 30 A. 2d 724, where the claimant was hired to work on the construction of a church and caretaker's house, requiring about 7 month's for completion; and *Barnett v. Bowser,* 176 Pa. Superior Ct. 17, 106 A. 2d 457, in which the decedent, a carpenter, had been employed generally around a building, under construction, until finally completed—it being contemplated that "the tenure of service necessary to complete it and for which the employment was to continue was of 'fairly long duration' ".

On the other hand in *Butera v. Western Ice Co.,* 140 Pa. Superior Ct. 329, 14 A. 2d 219, the claimant was engaged to work by the day and for one single repair job of limited duration in an ice plant and was injured within one month from the date of hiring. There was no evidence that the employment under the contract of hiring related to any other work. Accordingly it was held that claimant was not entitled to compensation because of the casual character of his employment. The present appeal is ruled by the principle of the *Butera* case. Claimant admitted that he was employed to erect the studding. He testified: "We were to get ready for the plasterers . . . That is the only part of the operation I was supposed to do"; and further, as to the nature of the hiring: "He had the chance to lay me off any time he wanted to. That is the way he hired me. Anytime he was through with me he could lay me off." Claimant was hired for a particular job and was injured at the end of but 69 working hours. Whether he had then completed all of the work to be done by him is of no moment, for even if there was other work for claimant which would have required two additional weeks, as he contends, the term of the

employment was still of very limited duration. Claimant's employment was casual in character as a matter of law and he therefore may not be permitted to recover. Cf. *Magalski v. Olyphant Boro.*, 150 Pa. Superior Ct. 216, 27 A. 2d 280; *Fedak v. Dzialdowski*, 113 Pa. Superior Ct. 104, 172 A. 187; *Quick v. E. B. Kintner & Son et al.*, 113 Pa. Superior Ct. 108, 172 A. 189.

Judgment reversed and here entered for the defendants.