Dews *v.* Shmukler et al., Appellant.

418

Argued September 13, 1962. Before Rhodes, P. J., Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ.

*William J. Toy*, for appellant.

*Harry J. Dranoff*, with him *Frank H. Lewis*, for appellee.

Opinion by Montgomery, J., November 15, 1962:

This is an appeal by Nathan Shmukler, one of two defendants, in a claim for compensation for injuries sustained by Grady Dews, Jr., a minor, under the provisions of the Pennsylvania Workmen's Compensation Act.

The facts, which are for the most part undisputed, disclose that the claimant, fourteen years of age, had been employed by Jack Shmukler on many occasions

to assist him in his business of huckstering eggs. On August 16, 1957, claimant reported to Jack Shmukler for employment and was told by him that his nephew, Nathan Shmukler, had borrowed one of his trucks for the purpose of huckstering cantalopes that day and might be willing to give employment to the claimant. The claimant spoke to Nathan Shmukler, who agreed to use his services. The claimant accompanied Nathan Shmukler in the borrowed truck, and while helping to load the crates of cantalopes struck the second finger of his right hand on a weighing device, injuring it so severely that it became necessary to amputate the first digital segment of this finger.

The claimant, by his guardian, filed a claim for compensation against Jack Shmukler and Nathan Shmukler as co-defendants, alleging he was in the employ of both at the time of the accident. After a hearing, the referee found that the claimant was an employee of Jack Shmukler and charged said defendant for Workmen's Compensation as provided under the act and also found that the claimant was not an employee of Nathan Shmukler, the other defendant, who was discharged. An appeal was filed by Jack Shmukler to the Workmen's Compensation Board. There was no appeal filed by Nathan Shmukler or no appeal filed by the claimant. The board reversed the referee and held that the claimant was the employee of Nathan Shmukler and not the employee of Jack Shmukler. Nathan Shmukler, the appellant herein, filed exceptions to the opinion of the board. The court below sustained the opinion of the board and this appeal was perfected.

There is no dispute that the claimant was illegally employed in that he was only fourteen years of age and had no working papers, and that if he be entitled to compensation, he is entitled to compensation for the period of twenty-one weeks at $22.50 a week, that amount being the minimum compensation plus the ex-

tra fifty per cent for which the employer is liable by reason of illegal employment.

The appellant contends that since no appeal was filed by the claimant from the findings of the referee, the board exceeded its authority in reversing the referee's finding that Nathan Shmukler was not the employer.

It is well established that the Workmen's Compensation Board has the ultimate power to reverse the referee as to his findings of fact and conclusions of law. This power is granted by the statute and has been affirmed by many decisions. Act of June 2, 1915, P. L. 736, art. IV, §§423, 424, as amended, 77 P.S. 854, 855; *Rodgers v. Methodist Episcopal Hospital,* 188 Pa. Superior Ct. 16, 145 A. 2d 893; *Powell v. Hills Garage,* 150 Pa. Superior Ct. 17, 27 A. 2d 773. The board is the final arbiter of facts in a compensation case, and the referee is only the agent of the board. The board may reject, change or adopt the findings of the referee. *Erwin v. L. & H. Construction Co.,* 192 Pa. Superior Ct. 632, 161 A. 2d 639.

The court below was correctly unsympathetic to the actions on the part of the attorney for both Jack Shmukler and Nathan Shmukler, representing their conflicting interests. He appealed to the board on the ground that not Jack, but Nathan was the employer, and after the board adopted his viewpoint, he now contends that the board had no power to find that Nathan was the employer. As the referee is only the agent of the board, it is obvious that when any party appeals the referee's findings, the board is completely within its jurisdiction to make any findings as to any party involved which it deems to be warranted by the evidence and where these findings are supported by sufficient competent evidence in the record, they cannot be set aside, upon appeal, by the Court of Common Pleas or the Superior Court. *Tomshuck v. Wallin Con-*

*crete Corporation,* 146 Pa. Superior Ct. 390, 23 A. 2d 74. There is therefore no error in the lower court's refusal to reinstate the findings of fact of the referee as to Nathan Shmukler, discharging him from liability, as the board's findings can be completely supported by substantial competent evidence.

The appellant further contends that the employment of the claimant by Nathan Shmukler was casual and not in the regular course of business of the employer as required by the act. In determining whether employment is "casual employment" within the meaning of the Workmen's Compensation Act, the fact that employment may be only for a single or special job is not controlling, because if work is not of an emergency or incidental nature but represents a planned project, and the tenure of service necessary to complete it and for which the employment is to continue is of fairly long duration, the employment is not casual, and it is immaterial that the accident to the employee for which compensation is sought may occur within a very short period after his entry upon the work. *Deviney v. J. H. France Fire Brick Company,* 339 Pa. 553, 16 A. 2d 45; *Barnett v. Bowser,* 176 Pa. Superior Ct. 17, 106 A. 2d 457.

Because of the short duration of the employment of claimant and the fact that he had not been employed prior to this occasion by Nathan Shmukler, we agree with the appellant that the employment was casual. However, in order that the exception from the term "employee" as defined in the act may relieve from liability, the presence of both elements must be established, namely, (1) the employment must be casual and (2) not in the regular course of business of the employer. Nathan Shmukler testified that during the fall, winter and spring preceding the accident he had been a college student, had worked in a hospital to help pay his tuition, and intended to return to college. Counsel

for the appellant argues that being a college student was the regular course of business of Nathan Shmukler and not huckstering. The words "regular course of business of the employer" refer to the occupation that the employer is engaged in with view of winning a livelihood or some gain. *Blake v. Wilson,* 268 Pa. 469, 112 A. 126; *Plankinton v. Schurr,* 185 Pa. Superior Ct. 41, 137 A. 2d 803; *Butera v. Western Ice and Utilities Company,* 140 Pa. Superior Ct. 329, 14 A. 2d 219.

Consequently, the business of Nathan Shmukler was huckstering for financial profit and the claimant's injury directly resulted from this regular course of business. Loading crates on a truck is clearly incident to the business of huckstering. Nathan Shmukler had engaged in this business on several occasions, both prior to and subsequent to the accident. Going to college is not a business within the meaning of the act, but huckstering for gain is such a business.

The claimant, therefore, was an employe of Nathan Shmukler engaged in his employer's regular course of business, huckstering, when he sustained his injury, and therefore the appellant is liable for compensation under the provisions of the Workmen's Compensation Act.

Judgment affirmed.