Industrial Valley Bank & Trust Co. and Reliance Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Nathaniel Anderson, Appellees.

Argued May 10, 1973, before Judges KRAMER, MENCER and BLATT, sitting as a panel of three.

*R. D. Harburg,* with him *Swartz, Campbell & Detweiler,* for appellants.

*Norman H. Abrahamson,* with him *Meyer, Lasch, Hankin & Poul,* for appellees.

OPINION BY JUDGE BLATT, August 14, 1973:

Nathaniel Anderson (claimant) made his living collecting junk in a push cart and selling it to a junk yard. On the recommendation of the owner of the junk yard, he and another man were hired on October 28, 1968, by an officer of the Industrial Valley Bank & Trust Company (Bank) to move several filing cabinets from the main floor of one of the Bank's buildings to the basement of that building, a move which the Bank had to make about once a year. He had never worked for the Bank before, and it was expected that this job would only require a few hours to complete. Unfortunately, while he was moving the first cabinet down the steps, it slipped and caused him to fall to the bottom of the steps with the cabinet on top of. him. He suffered a fracture of his right ankle and later filed a claim petition seeking workmen's compensation.

The Bank contended that the claimant was not entitled to compensation because he was not an "employe" as defined in Section 104 of the Pennsylvania Workmen's Compensation Act,[1] in that his employment was

---

[1] Act of June 2, 1915, P. L. 736, 77 P.S. §22.

"casual in character and not in the regular course of the business of the employer. . . ." The referee awarded compensation following a hearing, finding that, although the claimant was merely a casual employee, he was acting in the "regular course of the business of the employer." On appeal, the Workmen's Compensation Appeal Board (Board) affirmed the referee's order, except as to the claimant's average weekly wage. The Board also found the claimant to be a casual employee, but went on to explain: "There are two basic things that banks do: handle money, and keep records. One looks upon the record keeping of a bank as being most meticulous. Accuracy is religiously demanded as well as safe keeping. Claimant was hired to move bank records, from the first floor to the basement. These records were moved to the basement to make room for later records on the first floor. The moving of the records, the storage of records, the keeping of records, are an integral part of the business of the bank. This activity is part of the regular course of a bank's business. Claimant, in moving the filing cabinets containing cash records, was engaged in the regular course of the business of the bank." Although we might question the reasonableness of the Board's interpretation of the statutory phrase, "regular course of the business of the employer,"[2] we need not really decide this issue here, for this case must be remanded to the Board for further consideration.

All of the members of the Board before whom this case was first argued were removed from office by the

---

[2] See Dews v. Shmukler, 199 Pa. Superior Ct. 417, 185 A. 2d 607 (1962) ; Plankinton v. Schurr, 185 Pa. Superior Ct. 41, 137 A. 2d 803 (1958) ; Ciccocioppo v. Rocco, 172 Pa. Superior Ct. 315, 94 A. 2d 77 (1953) ; Magalski v. Olyphant Borough, 150 Pa. Superior Ct. 216, 27 A. 2d 280 (1942) ; Butera v. Western Ice and Utilities Company, 140 Pa. Superior Ct. 329, 14 A. 2d 219 (1940).

Governor on December 31, 1971, and three new Commissioners took office on Janunary 3, 1972. The parties hereto were subsequently notified by the new Board that the prior Board had not filed a decision in their case and that, therefore, they might have an opportunity to reargue the case if they so desired. They accepted this offer, the case was reargued, and the new Board issued the decision noted above on November 16, 1972. Following the appeal to this Court, however, it was discovered by the Bank that the record included an opinion and order of the prior Board, signed by all three Commissioners thereof, and bearing the typed notation "11/2/71-Dm." This opinion reversed the order of the referee, holding that the claimant was a casual employee whose employment was *not* in the regular course of the business of the Bank.

We have recently faced an identical situation in *L&A Products v. McKeown*, 8 Pa. Commonwealth Ct. 655, 304 A. 2d 702 (1973), and stated our reasons for remanding as follows: "We must, therefore, remand the record to the Workmen's Compensation Appeal Board so that it may conduct a hearing and make findings and conclusions concerning the effectiveness of the order of the old Board which is in the record. If the Workmen's Compensation Appeal Board shall determine that the order of the old Board was ineffective, it may reinstate its order of [November 16, 1972] and the employer shall be entitled to appeal from that decision and to renew its appeal from the reinstated order. If the Workmen's Compensation Appeal Board shall determine that the order of the old Board is effective, it should be docketed by the Department and notices mailed to the parties and the claimant shall be entitled to appeal from the determination of effectiveness as well as from the order of the old Board." 8 Pa. Commonwealth Ct. at 659, 304 A. 2d at 704.

558

## ORDER

Now, August 14, 1973, the order of the Workmen's Compensation Appeal Board of November 16, 1972, is vacated and the record is remanded to the Workmen's Compensation Appeal Board for further proceedings consistent with this opinion.