## Diviney, Appellant, *v.* J. H. France Fire Brick Co. et al.

Argued March 18, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*William W. Litke,* of *Fleming & Litke,* for appellant.

*Edward J. Thompson,* of *Thompson & Baird,* for appellee.

OPINION BY STADTFELD, J., May 8, 1940:

This is a workmen's compensation case, wherein the sole question involves the legal conclusion to be drawn from the facts concerning which there is no real dispute.

The claimant, Charles Diviney, was employed as a carpenter by defendant, J. H. France Fire Brick Company, at Winburne, Pa., for about one week prior to July 28, 1936, the date of the accident. In 1936, the defendant company purchased an old brick plant which had been owned by the Highland Clay Products Company and used for the manufacture of face brick. During the summer and fall of that year, the defendant company engaged a number of men to repair the old buildings and build new sheds and new kilns, preparatory to the carrying on of its business of manufacturing and selling fire brick.

J. H. France, the president of the company, secured the services of one Albert Hess, who was requested to secure other men to do the construction and repair work. Claimant was one of the men obtained by Hess to do the work. All the men on this job were working under the direction of the defendant company. All of them, including Hess, were paid by the hour, their time being carried on the payrolls of the company, and paid separately from other specified employes. The latter were assigned to the production or manufacture of calcine clay in the kilns of the plant while the reconstruction work was in progress, but wholly apart from that work.

On the day of the accident, claimant was working on the roof of a building for defendant company. He made a misstep, fell from the roof to the ground, and sustained serious injuries. As a result of the injuries sustained by Diviney, Referee Hibbs, at the second hear-

ing found, "the claimant was totally disabled until July 28, 1937, at which time total disability ceased, but due to the condition of claimant's left arm, he was still partially disabled, and that said partial disability (was) reflected in a loss of earning power of twenty-five per cent; that the condition of claimant's left arm has remained about the same, and ...... he still suffers with a twenty-five per cent partial disability, permanent in character, or such that will continue at least until the end of the three hundred week period."

The referee concluded that claimant's employment was casual in character and not in the regular course of the employer's business at the time the injuries were sustained. The claim was disallowed. The board sustained the referee, and the Court of Common Pleas of Centre County affirmed the referee and the board. This appeal followed.

The Workmen's Compensation Act of June 2, 1915, P. L. 736, art. 1, §104 (77 PS §22) provides that the term "employe" includes "all natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer."

It is clear from the plain language of this provision, that in order to exclude an employe under this exception, it must appear that his employment was not only occasional and incidental, but also outside of the regular course of the business of the employer. If, therefore, the employment of claimant by defendant company at the time of the accident cannot be said to be casual in character, or if his employment was in the regular course of the employer's business, claimant would not fall within the exception to the provision of the Act defining an "employe". This question alone is presented for determination.

In the recent case of *Bordo et al. v. Grayek et al.*, 136 Pa. Superior Ct. 124, 7 A. 2d 142, it appeared that the claimants were accidentally injured while engaged

in plastering a moving picture theater and office building. The defendant had undertaken the construction and preparation of the theater and office building with the intention of renting the various portions of the building and collecting the rents. The defendant himself was to be employed by the lessee of the theater as its manager. Upon completion of the work, he assumed the position of theater manager. This court, in the opinion by Judge CUNNINGHAM, held that the business in which the defendant was engaged at the time of the accident was that "of erecting the office building and theater which he intended to, and subsequently did, rent and operate," and that the employment in which the claimants were engaged at the time of the accident "was in the 'regular course' of that business."

In the instant case, the referee and board found as facts based upon sufficient competent evidence, that during the summer and fall of 1936, the appellee company, whose business it was to manufacture and sell fire brick, was engaged in reconstruction work on an old brick plant, preparatory to the manufacture of brick. The old brick plant, when purchased, required repairs. These repairs were made, and new sheds and kilns were constructed with the intention of establishing a complete plant for the manufacture of brick. The construction and the preparation of the plant constituted the immediate business of the company during the summer and fall of 1936. Appellant was injured while engaged in the reconstruction work for the appellee company. In view of these facts, we cannot agree with the conclusion of the compensation authorities and the court below that the employment of appellant was not in the regular course of the business of the company.

Accordingly, the judgment of the court below is reversed, and it is ordered that the case be remanded to the court below with instructions to remit it to the compensation authorities for the purpose of making and entering the proper award.