Snavely, Appellant, *v.* Redemptorist Fathers of The State of Pennsylvania.

Argued December 11, 1942.

Before BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Ralph M. Barley,* with him *Paul A. Mueller,* for appellant.

*Harvey B. Lutz,* with him *W. Hensel Brown,* for appellee.

OPINION BY STADTFELD, J., March 1, 1943:

This is a Workmen's Compensation Case involving the question whether the claimant's employment was casual in character and not in the regular course of the business of the defendant.

On February 6, 1941, claimant filed a claim petition for total disability from October 9, 1940, alleging that on October 9, 1940, he suffered a fracture of two lumbar vertebrae, as a result of an accident in the course of his employment with the defendant and that he had been totally disabled from that time, as a result thereof.

On March 1, 1941, an answer was filed by the defendant, that it is chartered by the Commonwealth and its business as defined in said charter is for the purpose of public worship, religious and educational instruction and for missionary undertakings, admitting the employment of claimant by defendant, the happening of the accident and the extent of the injuries, but denying the claimant's right to compensation on the ground that his employment was casual and not in the regular course of the defendant's business.

Hearings were held before the referee on April 9, 1941, and August 20, 1941. From the testimony, the following facts appear. The defendant, without the services of a general contractor, but under the supervision of a superintendent and architect, built a church and a caretaker's house on its premises. The construction of these two buildings extended over the period from June, 1940 to January, 1941. The claimant was hired on October 8, 1940, and was injured the next day when he fell from a scaffold, 15 or 20 feet. At the time he was hired no mention was made as to how long he was to work there. No workman who worked on any part of the construction job was told

when he was hired how long he was to work. He did testify that he was told when he was hired that the church and the caretaker's house were to be worked together and testified that at that time there was about six week's work left on the church. Defendant's superintendent testified that he intended to keep claimant on the job for three or four weeks, although he did not tell claimant that.

On August 28, 1941, the referee filed a disallowance of compensation, deciding that claimant's employment was casual in character and not in the regular course of defendant's business.

On appeal to the board, compensation was awarded in an opinion by Commissioner Jacoby, dated March 30, 1942. The board set aside two of the referee's findings of fact and his conclusion of law, and substituted new ones.

On appeal to the Court of Common Pleas of Lancaster County, the court in an opinion by SCHAEFFER, P. J., sustained the appeal and entered judgment for the defendant on the grounds that the defendant in building its own church and caretaker's house was not engaged in the usual operation of its regular business as a non-profit and religious institution and that claimant's employment was casual. This appeal followed.

The only question involved in this case is whether or not the services of the plaintiff to the defendant church were casual in character and not in the regular course of the business of the defendant employer.

"Under section 104 of the Workmen's Compensation Act, employees are expressly excluded, whose employment is (1) casual and (2) not in the regular course of the business of the employer. If both these concurring elements are not present, the claimant is entitled to compensation:" *Fedak v. Dzialdowski,* 113 Pa. Superior Ct. 104, 172 A. 187.

We find an analogous case in *Parisi v. Freedom Oil*

*Co.*, 150 Pa. Superior Ct. 260, 27 A. 2d 255, where an oil refiner hired claimant and others for a limited time after application and a physical examination to build an addition to refiner's plant under the supervision of refiner's foreman, it was held that claimant's employment was not "casual" so as to preclude compensation for accidental injury suffered therein. We quote from the opinion by Judge RHODES: "On the above facts found by the referee and adopted by the board, claimant's employment was not casual in character, and the court below properly so concluded as a matter of law. *Callihan v. Montgomery*, 272 Pa. 56, 62, 115 A. 889. It is to be noted that claimant was hired by defendant after the filing of an application for employment and after undergoing a physical examination by defendant's physician. It is true that he was assigned to a job of limited duration; but he worked under the supervision of defendant's foreman, he was subject to control in the manner of the performance of his work, and the task in which he and the other workmen were engaged represented an addition to defendant's plant. The fact that the demolition of buildings and the construction of a garage may not have been within the regular course of business of defendant is not determinative of claimant's status and his right to compensation if he was not a casual employee. Classifying his employment as casual has no support from the practical aspects of such employment or from the manifest purposes of the compensation act. Casual employment in the conduct of an extensive business is exceptional, and employment therein should not be so considered unless it comes clearly within the intendment of the act. The project which defendant undertook, and in which claimant was engaged as an employee, was not merely an incidental job or an emergency repair, but it was a premeditated, planned, and extensive undertaking related to the conduct of its business. As the facts disclose,

land was purchased, and the buildings thereon were to be demolished, in whole or in part, and a garage for defendant's trucks erected. More than two months were required to complete the work. Even if the demolition and construction work, related as it was to defendant's business, was not in its regular course or a part of the normal conduct of such business, it cannot be said that the employment of claimant and the others engaged in such work was casual. It did not come about by chance or fortuitously."

As was pointed out in *Blake v. Wilson*, 268 Pa. 469, 479, 112 A. 126, the word "regular" modifies "course" not "business." The question is, therefore, whether an employment is in the regular course of defendant's business, not whether the employment is in the course of defendant's regular business. Assuming, for the sake of argument, that the employment was not *in the course of its regular business*, which is the support of religious worship and religious and educational instruction and missionary labors, still, at the time claimant was hired, the defendant was indubitably engaged in the business of building a church and caretaker's house, *as the board properly found.*

This case is somewhat similar to *Bordo et al. v. Grayek*, 136 Pa. Superior Ct. 124, 7 A. 2d 142. In that case an individual built a theater and office building. After it was built he was to be the manager and the rental agent of the theater and the offices, respectively. The employment of claimant as a plasterer in the building was held to be in the regular course of defendant's business. An allocator was refused by the Supreme Court, 136 Pa. Superior Ct. XXXI. In the instant case, as in that, the purpose of erecting the building was to give the defendant a structure to operate.

In *Diviney v. J. H. France Fire Brick Co. et al.*, 140 Pa Superior Ct. 97, 13 A. 2d 109, the regular business of the defendant was making bricks. Claimant and

other employees were hired to repair old buildings and to build new ones at a plant bought by the defendant. It was held that the employment was in the regular course of defendant's business. The Supreme Court affirmed on the ground that the employment was not casual, without discussing the question whether it was in the regular course of business.

The judgment of the court below is reversed, and it is now ordered that the record be remitted to the court below with directions to enter judgment on the award.