[No. 35670.   Department Two.   August 24, 1961.]

OTTO LOCKEN, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*\*

*The Attorney General* and *Jerome F. Combs, Assistant,* for appellant.

*Walthew, Warner & Keefe,* for respondent.

MALLERY, J.—The department of labor and industries appeals from a judgment of the superior court decreeing that a workman, respondent Otto Locken, is entitled to benefits under the workmen's compensation act for injuries sustained in extrahazardous work.

The pertinent facts are that Melvin Locken owns and operates a farm near Mount Vernon. He also owns and operates a lime-hauling and spreading business, in which he uses a fleet of trucks and spreaders. The latter is extrahazardous work, and he carries an industrial insurance ac-

\*Reported in 364 P. (2d) 232.

count upon which he reports his payroll and pays premiums upon all of his employees engaged therein.

He owns some unimproved land adjoining a school, which contemplates expanding its program. He believed he could sell the land at a higher price to the school district if it were cleared of brush and trees. Accordingly, he hired four men to clear the land. He intended to report his land clearing payroll to the appellant and pay the required premiums in the land clearing classification of hazardous occupations, which is Class 1-1. One of the employees on the operation was his brother, the respondent, who acted as foreman. Respondent is a carpenter by trade and has no interest in Melvin Locken's lime business or in the land in question.

Respondent was injured in the course of the land clearing operation. He made a claim for benefits under the workmen's compensation act and, when it was rejected, secured a reversal of the appellant's adverse ruling in the superior court action from which this appeal was taken.

It is appellant's contention that respondent is not entitled to benefits under the workmen's compensation act for the reason that the employer, Melvin Locken, was not engaged in land clearing *as a business.*

RCW 51.08.180 defines "workman" as follows:

" 'Workman' means every person in this state who is engaged in the employment of an *employer under this title* . . ." (Italics ours.)

The appellant contends that Melvin Locken was not an *employer under this title* so far as his land clearing operation was concerned.

The definition of "employer" is set out in RCW 51.08.070, which reads:

" 'Employer' means *any person,* body of persons, corporate or otherwise, and the legal representatives of a deceased employer, all while *engaged in* this state in *any extrahazardous work, by way of trade or business,* or who contracts with one or more workmen, the essence of which is the personal labor of such workman or workmen, in extrahazardous work." (Italics ours.)

The employee was engaged in extrahazardous work, *viz.*, that of land clearing. This, however, is not enough to bring him under the act. His employer must be engaged in land clearing *as a business.*

■ The crux of the problem presented is the meaning of the word "business". The statute does not define the work and does not qualify it by any adjective, such as sole, only, casual, usual, principal, or the like. The statute does not exclude an employer engaged in extrahazardous work because he is also engaged in another work, extrahazardous or otherwise.

Thus, Melvin Locken's land clearing operation to be under the workmen's compensation act must be a *business,* but not necessarily his only business.

"Business" as used in the workmen's compensation act means an activity having a gain or profit motive, rather than being merely incident to some aspect of living as such.

The motive for the land clearing, in this case, was the hope of a monetary profit from the *sale* of cleared land. The seller, of course, could make no subsequent use of the land for any purpose. Of course, *single ventures,* such as this, inevitably present difficulties of classification as to whether or not they are "businesses". This is because ordinary businesses have duration and continuity.

The lack of duration is the troublesome element in the instant case. The workmen's compensation act makes no reference to the duration of a business. If this element is to be a requirement for the applicability of the act, it must be judicially added thereto by us. We are not prepared to do so.

■ We do not find any of the cases cited as being either precisely in point on the facts or particularly helpful in their reasoning with relation to the instant case. In any event, they did not have the effect of changing either the wording or meaning of the statutory language which we have quoted and which we are called upon to interpret.

We hold that a land clearing operation motivated by the hope of a profitable sale of the land, which has a four-

man payroll, is an operation of sufficient magnitude to constitute a *business* within the purview of the workmen's compensation act.

The judgment is affirmed.

FINLEY, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.