Jerry D. Kizer, Jr., W. Rogers Menzies, Jr., Jackson, for appellants.

E. E. Deusner, Reynolds & Deusner, Selmer, for appellee.

GARAN, INC., et al., Appellants,

v.

Aubrey D. SURRATT, Appellee.

Supreme Court of Tennessee.

June 30, 1975.

## OPINION

HENRY, Justice.

This is a workmen's compensation action wherein the only question is whether the injured workman was an employee, as found by the Chancellor, or a casual laborer or independent contractor as insisted by the appellant.

Garan, Inc. manufactures men's wearing apparel at a plant located in Adamsville, McNairy County, Tennessee. Claimant is a painter by occupation. Injury was sustained when a ladder broke while he was painting Garan's building.

We hold that claimant was an employee.

Ample material evidence supports the following conclusions:

a. Prior to his employment, claimant learned that Garan was "hiring painters".

b. His compensation was at the rate of $3.00 per hour and he was paid weekly.

c. Social Security was withheld from his wages and a matching amount was paid by Garan.

d. Income tax was withheld from his earnings.

e. His name was carried as an employee on the forms filed with Internal Revenue Service.

f. He was required to "clock" in and out each day. He was advised that regular working hours were from seven to four.

g. Garan furnished the paint, brushes, ladders, and cleaning materials; claimant furnished his ladder and used some of his brushes.

It is clear that claimant was not a casual employee within the meaning of Section 50–906(b) T.C.A.

Garan relies heavily upon *Travelers Insurance Company v. Dozier*, 219 Tenn. 525, 410 S.W.2d 904 (1966). This is an excellent case on casual employment with a comprehensive opinion by former Chief Justice Dyer. In that case, however, the deceased workman was a partner with another painter. The two partners agreed to paint the building at an hourly wage and to keep their own time. Under the facts of that case, the claimant was held to be a casual employee. The Court recognizes—as do we—that "as a general rule, an employee employed for the direct and exclusive purpose of repair and construction work (where the employer is not a contractor or builder) is a casual employee under the statute;" however, the Court went on to say that "the manner and way an employer operates its business determines what types of employment are within or without this statute." Finally, the Court said that "each case will have to be tested on its own facts."

We have looked to the "manner and way" Garan operated and have tested this claim on its own facts. Garan clothed this entire transaction with virtually all the indicia of the employer-employee relationship. It converted what was normally a casual employment status into an employer-employee relationship.

We have repeatedly pointed out that this Court does not re-weigh the evidence in workmen's compensation cases and that our sole, legitimate concern is the presence of any material evidence to support the award. We are not concerned with preponderance nor may we substitute our judgment for that of the trial judge, nor does it matter that, as an original proposition, we might have reached a contrary conclusion. Moreover, this Court does not attempt to determine where the preponderance lies, but will affirm even though the preponderance of the evidence is against the trial court's findings if these findings are supported by material evidence. *Strader v. United Family Life Ins. Co.*, 218 Tenn. 411, 403 S.W.2d 765 (1966).

The judgment of the Chancellor is, in all respects, affirmed.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concur.