**FREEMAN'S FURNITURE COMPANY et al., Appellants,**

v.

**Walter C. LARGE, Appellee.**

Supreme Court of Tennessee, Eastern Division.

Feb. 14, 1977.

Dennis L. Babb, Knoxville, for appellants.

Fred L. Myers, Jr., Newport, for appellee.

## OPINION

HENRY, Justice.

This is a workmen's compensation action in which the only issue is whether the injured worker was an employee or a casual laborer. The Chancellor found that the claimant was an employee, and awarded benefits. We reverse.

The basic facts are not in dispute. Walter C. Large, the claimant, was engaged by the defendant, Freeman's Furniture Company, to paint a building owned by the defendant. After some initial discussion, during which Large refused to take the job on a contract basis, it was agreed that he would be paid $3.50 an hour. Large kept his own time. Neither income tax nor social security was withheld from his wages. He worked almost exclusively during the hours the furniture store was open. Large supplied his own brushes and ladder, while the rest of the necessary equipment and supplies were provided by the defendant. In addition to the painting, Large did some remodeling for the defendant. The usual maintenance work of defendant's employees included neither painting nor remodeling. After he had been employed for approximately five weeks, Large injured his back while he was working.

We believe the conclusion inescapable that Large was a casual employee within the meaning of Section 50–906(b), T.C.A. As a general rule, an employee employed for the exclusive purpose of painting or remodeling a building, when such painting or remodeling is not part of the normal operations of the employer's business, is a casual employee under the statute. *Travelers Insurance Co. v. Dozier*, 219 Tenn. 525, 410 S.W.2d 909 (1966). There is no doubt that painting was not the kind of maintenance customarily carried out by Freeman's Furniture. There was undisputed testimony that the building had not been painted for more than twenty years.

This rule is not without its exceptions. As we have repeatedly noted, each case must be judged on its own facts. It is possible for the employer to clothe the entire transaction with all the indicia of the employer-employee relationship, thus converting what would normally be a casual employment status into an employer-employee relationship. *Garan, Inc. v. Surratt*, 525 S.W.2d 137 (Tenn.1975). That did not occur in this case.

We recognize that "this Court does not re-weigh the evidence in workmen's compensation cases and that our sole, legitimate concern is the presence of any material evidence to support the award." *Garan, Inc. v. Surratt, supra*, at 138. However, that does not mean that we consider ourselves bound by the conclusions drawn by the trial judge when, as here, the basic facts are undisputed. *Butler v. Johnson*, 221 Tenn. 366, 426 S.W.2d 515 (Tenn.1968). It is our opinion that there was no material evidence presented to support the finding of the trial judge in this case.

The judgment of the Chancellor is reversed, and the cause dismissed, at the cost of appellee.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concurring.