Benny Joe FEATHERS, Appellant,

v.

Fred DUNCAN and Travelers Insurance Company, Appellees.

Supreme Court of Tennessee.

June 11, 1979.

Thomas E. Mitchell, James T. Milliken, Johnson City, for appellant.

Joseph O. Fuller, Fuller & Tunnell, J. Robert Boatright, Kingsport, for appellees.

## OPINION

COOPER, Justice.

This is a workmen's compensation action in which the only issue is whether the injured worker was an employee or a casual worker within the definition of those

terms in the Workmen's Compensation Act. The chancellor found that appellant was a casual worker and dismissed the action. We affirm.

Appellee, doing business as the Jordan Carpet Service, was engaged in carpet sales, installation and service. The State of Tennessee condemned the property on which appellee's business was located, forcing appellee to relocate. Appellee purchased a brick building and undertook to have a part of it paneled and a roof for a carpet showroom constructed within the building. Appellee requested the local union hall to send two carpenters to do the necessary remodeling. The union selected appellant and his brother, who were put to work by appellee. They were to be paid by the hour at the union scale. No deductions were made for social security or income tax. The necessary tools for doing the carpentry work were to be furnished by appellant. On the third day of his employment, appellant was injured in a fall from a stepladder belonging to appellee.

A casual employee is defined as "one who is not employed in the usual course of trade, business, profession, or occupation of the employer." T.C.A. § 50–906(b). As a general rule, a worker employed for the exclusive purpose of remodeling a building, when the remodeling is not part of the normal operations of the employer's business, is a casual worker under the statutory definition. *Freeman's Furniture Company v. Large*, 546 S.W.2d 582 (Tenn.1977); *Travelers Insurance Co. v. Dozier*, 219 Tenn. 525, 410 S.W.2d 904 (1966). Appellee's usual and customary business was the sale, installation and service of carpets. So far as the record shows, appellee's regular employees were never called upon to do carpentry work, either in remodeling or maintenance of premises used by appellee in conducting his business. Appellant tacitly conceded that the carpentry work he was doing for appellant was not in the usual course of appellee's carpet business, but urged on the chancellor and on this court, that in remodeling the new building, appellant was engaged in a second business—that of a contractor—and that the work he did for appellee was in the usual course of that business, citing *Black v. Corder*, 217 Tenn. 613, 399 S.W.2d 762. In the *Black* case, a combination service station and appliance store proprietor, who hired two construction workers and five helpers to construct a retaining wall and to enlarge the store, was held to be engaged in the construction business. The court pointed out that the project was of "some magnitude," required considerable time to finish, and that at least seven workmen were employed in the project, justifying a finding by the trial judge that the employer had "in fact gone into the construction business." The court also pointed out that the required number were employed in the "construction business" to bring it within the terms of our Workmen's Compensation Statutes.

There is no question but that an employer may be engaged in more than one business or occupation at one and the same time. *Mason-Dixon Lines v. Lett*, 201 Tenn. 171, 297 S.W.2d 93 (1956); *D. M. Rose & Co. v. Snyder*, 185 Tenn. 499, 206 S.W.2d 897 (1947). However, that is not the situation in this case. In contrast to the *Black* case, the remodeling in this case was of the "one shot" variety, was a small project to be finished within a few days, and appellant and his brother were the only carpenters employed in the project, justifying the rejection by the chancellor of the argument that appellee was in the contracting business as well as the carpet business. Further, if the evidence had justified a finding that appellee was in the contracting business, there is no evidence in the record that appellee had the required number of employees in the "contracting" business to bring it within the terms of the Workmen's Compensation Act.

Decree Affirmed. Costs incident to the appeal are adjudged against appellant and his surety.

HENRY, C. J., and FONES, BROCK, and HARBISON, JJ., concur.