**Michael CREEK, Appellant,**

v.

**John Scott MacLENNAN, Appellee.**

Supreme Court of Tennessee, at Knoxville.

June 13, 1988.

John R. Meldorf, III, Meldorf & Young, Hixon, for appellant.

John D. McMahan, Leitner, Warner, Moffitt, Williams, Dooley, Carpenter & Napolitan, Ford P. Mitchell, Swafford & Mitchell, Chattanooga, for appellee.

OPINION

FONES, Justice.

In this worker's compensation case, the trial court granted partial summary judgment to defendant on the plaintiff's claim for benefits under the Workers Compensation Act on the ground that plaintiff's employment at the time of the injury was "casual," and therefore not an employment covered by the Tennessee Worker's Compensation Act. *See* T.C.A. § 50–6–106(2). Plaintiff voluntarily nonsuited his other claims against defendant and the trial court dismissed this action. Plaintiff, Michael Creek, has appealed.

The sole issue presented in this appeal is whether the trial court erred in granting the motion for partial summary judgment by defendant, John Scott MacLennan.

A trial court may grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." T.R.C.P. 56.03. The burden is upon the movant to demonstrate the absence of any genuine issues of material fact and his entitlement to summary judgment as a matter of law. Since a summary judgment proceeding is not a substitute for a trial of disputed issues of fact, the foregoing items are viewed in the light most favorable to the opponent of the motion. *Poore v. Magnavox Co.*, 666 S.W.2d 48, 49 (Tenn.1984). "Likewise, all legitimate conclusions from the record [are] drawn in favor of the opponent of the motion." *Blocker v. Regional Medical Center*, 722 S.W.2d 660, 660 (Tenn.1987) (quoting *Price v. Mercury Supply Co.*, 682 S.W.2d 924, 292 (Tenn.App.1984)). If the trial court has any doubt about the existence of a genuine

issue of material fact, the motion for summary judgment must be overruled. *Poore*, 666 S.W.2d at 49.

In this case, the trial court granted summary judgment of the worker's compensation claim after considering the complaint and answer, the affidavit of defendant, and the stipulations of fact entered into by the parties.

In the complaint plaintiff alleged that he was injured in the course and scope of his employment as a carpenter for defendant. Plaintiff sought recovery alternatively under the Worker's Compensation Act or in tort for negligence. In his answer, defendant admitted that plaintiff was his employee at the time of the accident, but asserted that plaintiff was not entitled to recover benefits under the worker's compensation act because plaintiff was a casual employee under T.C.A. § 50–6–106. Defendant alleged that plaintiff was hired to assist defendant in the construction of a home for defendant's personal use, and that defendant's usual course of business was the dry cleaning business.

Subsequently, defendant filed a motion for summary judgment on the worker's compensation claim asserting that plaintiff was a casual employee under T.C.A. § 50–6–106(2), at the time of the accident, and that therefore plaintiff's employment was not covered by the Tennessee Worker's Compensation Act. In support of this motion, defendant presented his affidavit that he had built the house in question for his personal use, and that since 1984, he had been employed as the manager of a dry cleaning establishment.

The most significant item for consideration by this Court is the stipulations of fact entered into by the parties. The parties stipulated to the following facts:

1. Defendant John Scott MacLennan hired plaintiff as a carpenter on an hourly basis to help build a log home at 7309 Ridge Oak Lane, Chattanooga, Hamilton County, Tennessee.

2. While working on the job, plaintiff was injured on or about the 13th day of November, 1986.

3. Such injuries resulted in the incurrence by the plaintiff of medical costs. Such injuries disabled him for an unstipulated time and to an unstipulated extent. Plaintiff was not injured as a result of any willful wrongdoing by him.

4. On the 13th day of November, 1986, defendant had two carpenters and three helpers working on the house, each being paid on an hourly basis.

5. Defendant did not withhold taxes on any of the persons working on the job.

6. Defendant did not carry workmen's compensation insurance.

7. Defendant has never before built any type of structure and is not in the business of building houses and the home in question was for the personal use of the defendant and his wife and not built with the intent to resale [sic].

8. Defendant is presently residing in the subject home with his wife.

9. Defendant's regular line of employment is as manager for a dry cleaning and laundry establishment in Hamilton County, Tennessee.

After reviewing these items, we cannot conclude that the trial court erred in holding that no issue of material fact is present in this case. The issue of the nature of defendant's trade, business, or occupation is not disputed here. The parties have stipulated that defendant's trade or occupation is as a manager of a dry cleaning establishment. Likewise, the issue of whether defendant has more than one trade or occupation is foreclosed by the stipulation that defendant is not in the business of building houses. *See Black v. Corder*, 217 Tenn. 613, 399 S.W.2d 762 (1966); *Brady v. Reed*, 186 Tenn. 556, 212 S.W.2d 378 (1948). The only issue in this case is a question of law. That question is whether plaintiff's employment at the time of his injury was "casual" as defined by T.C.A. § 50–6–106(2), and therefore not an employment covered by the Worker's Compensation Act. A "casual" employee is "one who is not employed in the usual course of trade, business, profession or occupation of the employer." T.C.A. § 50–6–106(2). The word "usual" as used

in the foregoing statute means the normal operations of the business. *Travelers Insurance Co. v. Dozier*, 219 Tenn. 525, 532, 410 S.W.2d 904, 907 (1966).

The normal operation of a dry cleaning business does not include the business of building houses, nor does the building of a home for one's own personal use establish the property owner as an employer engaged in the business of building houses. The stipulated facts compel the conclusion reached by the trial judge that plaintiff was a casual employee of defendant when performing carpentry work in the construction of a residence for defendant's use.

The judgment of the trial court is affirmed.

Defendant's motion for damages for frivolous appeal is denied. Costs are adjudged against plaintiff.

HARBISON, C.J., and COOPER, DROWOTA and O'BRIEN, JJ., concur.